

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XX~~XXXXXXXXXXXXXXX~~XXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-7330
Re: Does the office of County Attor-
ney exist in Gregg County?

We have your recent letter requesting an opinion of this department upon the above stated question.

House Bill Number 49, Chapter 23, Acts of the first called session, 42nd Legislature, as amended by House Bill No. 226, Chapter 4, 44th Legislature, (Article 199, Subdivision 124, V.A.C.S., Texas) created and continued the office of resident Criminal District Attorney of the 124th Judicial District. Gregg County alone constitutes the 124th Judicial District of the State of Texas.

The Constitution of Texas, Article 5, Secion 21, provides for the election of a County Attorney in the following language:

> "A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years." (Emphasis ours)

The Legislature, by the Acts hereinbefore mentioned, having created and continued in existence the constitutional office of Criminal District Attorney for Gregg County, and in view of the above constitutional provision, which in effect provides that no County Attorney shall be elected in a County having a resident Criminal District Attorney, we respectfully answer your question in the negative.

We think our opinion is supported by the case: Jones vs. Anderson, et al, Texas Civil Appeals, San Antonio, 1945, 189 S.W. (2) 65, writ of error refused. This was a suit for mandamus brought by Jones against the County Judge and County Commissioners of Bexar County to compel the Judge and Commissioners to canvass votes cast for Jones for the office of

County Attorney at the November 7, 1944, general election, and to issue him a certificate of election to said office and further seeking a declaratory judgment invalidating the act of the Legislature which had therefore created the office of Criminal District Attorney of Bexar County. Jones attacked the Legislative Act upon the grounds that such Act was unconstitutional. The trial court refused Jones all relief sought and the Court of Civil Appeals affirmed the trial court's judgment and upheld the constitutionality of the Legislative Act creating the office of Criminal District Attorney for Bexar County and further held that Article 5, Section 21 of the Texas Constitution prohibits the election of a County Attorney in a County having a resident Criminal District Attorney.

Our negative answer to your first question disposes of your secondary questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Joe McCasland
   Joe McCasland
   Assistant.

JMcC:djm:JMc:wc


APPROVED OCT 24, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE.